**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel Angel Martinez, | No. CV-21-00498-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court reversed the Social Security Administration's non-disability decision and remanded this matter for further proceedings. (Doc. 19.) On remand, Plaintiff received a favorable decision. (Doc. 24 at 2.) Plaintiff entered into a contingent-fee agreement under which he agreed to pay his attorney 25% of any past-due benefits awarded. (Doc. 24-2.) Plaintiff's counsel moves for an award of $12,677.25 in fees (Doc. 24 at 7), which represents 25% of his past-due benefits and is the total withheld by the agency to satisfy any potential fee award (Doc. 24-1).

Whenever the Court enters a judgment favorable to a disability benefits plaintiff, the Court can award reasonable attorney fees in an amount not to exceed 25% of the total past-due benefits awarded to the plaintiff. 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield

reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Thus, when determining whether a contingency fee request is reasonable, the Court must first "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir.2009) (en banc) (internal quotations omitted). The Court starts with the contingent-fee agreement and then tests the resulting award for reasonableness, adjusting downward "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1149-51. When assessing whether the requested fee would result in a windfall, the Court considers whether the benefits were proportionate to the time spent on the case and may, if necessary, use the lodestar calculation as a non-dispositive aid. *Id.* at 1151.

Counsel's contingent-fee request is not greater than 25% of past-due benefits, there is no evidence of substandard performance or delay, and the Government takes no issue with the reasonableness of the request. (Doc. 26.) The Court finds counsel's contingent fee reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's motion for attorney fees under 42 U.S.C. § 406(b) in the amount of $12,677.25 (Doc. 23) is **GRANTED**. The fees will be made payable to Plaintiff's attorney, Sarah Fern, Larkin & Fern, PLLC, and can be made by electronic fund transfer (EFT) or by check.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act.

Dated this 30th day of July, 2026.

Douglas L. Rayes
Senior United States District Judge

- 2 -